# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KIM CRAIG,**

        **Plaintiff,**

        v.                                             **Case No. 13-CV-1091**

**DEBT RECOVERY SOLUTIONS LLC,**

        **Defendant.**

## ORDER

Currently pending before the court is the plaintiff's "Unopposed Motion to Dismiss with Leave to Reinstate," filed pursuant to Rule 41(a)(2) Fed. R. Civ. P. (Docket No. 7.) As will be discussed later, the court has no way of knowing whether or not the present motion is "opposed," since the defendant has not appeared in this action.

In the motion, the plaintiff asks the court to dismiss the action without prejudice, but to "retain jurisdiction" for the purposes of enforcing the parties' settlement agreement. Dismissal of an action while retaining jurisdiction is a red flag for the court, thus requiring closer analysis. See Morton Denlow, *Federal Jurisdiction in the Enforcement of Settlement Agreements:* Kokkonen *Revisited*, 2003 Fed. Cts. L. Rev. 2; Morton Denlow, *Ensuring Federal Jurisdiction Over Settlement Agreements in Light of Recent Seventh Circuit Cases: What's an Attorney to Do?*, The Circuit Rider, May 2007 at 24-27.

This seemingly innocuous motion raises a number of hurdles for the plaintiff to overcome. The first is the nature of the dismissal. Seventh Circuit precedent is clear that a district court cannot dismiss an action **with prejudice** and simultaneously attempt to retain jurisdiction for the purposes of enforcing a settlement agreement. Shapo v. Engle, 463 F.3d 641, 646 (7th Cir. 2006); see also Dupuy v. McEwen, 495 F.3d 807, 809 (7th Cir. 2007) ("[W]hen a suit is dismissed with prejudice, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction.").

On the other hand, the Court of Appeals for the Seventh Circuit has seemingly approved a court dismissing a claim **without prejudice** yet retaining jurisdiction for the purpose of enforcing the parties' settlement agreement. Shapo, 463 F.3d at 646; Lynch, Inc. v. SamataMason Inc., 279 F.3d 487, 489 (7th Cir. 2002); see also White v. Adams, 2009 U.S. App. LEXIS 6209 (7th Cir. Mar. 25, 2009) (unpublished); Pittman v. Dolton Police Dep't, 191 Fed. Appx. 465, 466 (7th Cir. 2006) (unpublished). Although Judge Denlow points out that the argument can be made that Seventh Circuit precedents are contradictory or at least unclear as to whether a dismissal without prejudice is enough to enable the court to retain jurisdiction over a settlement agreement, see Denlow, The Circuit Rider, May 2007 at 26, for present purposes, the court shall presume that provided an action is dismissed without prejudice, the court can retain jurisdiction to enforce the settlement simply by stating in its dismissal order that it is doing so.

This is what the plaintiff asks the court to do here. But that only gets the plaintiff over the prejudice versus without prejudice hurdle. The next hurdle the plaintiff encounters with her motion is one of retaining jurisdiction. Since the defendant has never

appeared in this action, nor is there anything on the docket to indicate that the defendant has been served, the court lacks personal jurisdiction over the defendant to retain. Without having established personal jurisdiction, the court does not see how it could later enforce the parties' settlement agreement against the defendant.

The absence of the defendant in this matter also creates the last hurdle for the plaintiff. The court may only grant a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2) "on terms the court considers proper." In this court's view, whether retaining jurisdiction is proper cannot be determined unless the defendant has the opportunity to indicate its view on the matter. In the ordinary case, the defendant would have appeared prior to the time a plaintiff files a Rule 41(a)(2) motion. In such a case, the defendant's response may be that it does not oppose the motion. The alternative would be for the parties to present a stipulation agreeing to the requested course of action. Under either scenario, the court would be able to determine whether the terms are proper.

Since the plaintiff has not overcome all of the hurdles in its path, the court concludes that it cannot grant the plaintiff's motion to dismiss this action without prejudice and retain jurisdiction for the purposes of enforcing the settlement. It is up to the plaintiff to decide how she wishes to proceed. The plaintiff has the option to voluntarily dismiss this action pursuant to Rule 41(a)(1)(A)(i), in which case the court shall not retain jurisdiction. Or the defendant may appear, submit to the jurisdiction of the court, and the parties may stipulate to dismissal of the present action without prejudice and request that the court retain jurisdiction over the enforcement of the settlement. These are the first two options that come to mind, but there are others. For example, because the court is denying the plaintiff's motion without prejudice, the plaintiff has the opportunity

to re-submit her present motion and provide the court with a memorandum of law indicating why, notwithstanding the court's statements above, she believes she is entitled to the relief she seeks. In any event, it is up to plaintiff to determine how she wishes to proceed.

**IT IS THEREFORE ORDERED** that the plaintiff's "Unopposed Motion to Dismiss with Leave to Reinstate," (Docket No. 7), is **denied without prejudice**.

Dated at Milwaukee, Wisconsin this 21st day of November, 2013.

AARON E. GOODSTEIN
U.S. Magistrate Judge